IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, NORTHEASTERN DIVISION

| | |
|---|---|
| MADISON LOWRY; JASHON JONES; CHARLENE GDYNIA; BREONNA WILLIAMS; BRITTANY SCHARWARTH; and CHRISTINA MEITZEN<br><br>**Plaintiffs,**<br><br>v.<br><br>THE PONY BAMA, LLC; ROCKET CITY SHOWGIRLS, LLC d/b/a THE PONY TOO; THE COUNTRY ROCK CABARET, LLC d/b/a UNCLE BUCK'S BOOBIE BUNGALOW; THE CHEETAH CLUB, LLC d/b/a SCORES; and CHARLES G. WESTLUND,<br><br>**Defendants.** | Civil Action No: 5:20-CV-01828-LCB |

## JOINT NOTICE OF SETTLEMENT AND REQUEST FOR APPROVAL

Plaintiffs Madison Lowry, Charlene Gdynia, Jashon Jones, Breonna Williams, Brittany Scharwarth, and Christina Meitzen (collectively, "Plaintiffs") and defendants, The Pony Bama, LLC; Rocket City Showgirls, LLC d/b/a The Pony Too; The Country Rock Cabaret, LLC d/b/a Uncle Buck's Boobie Bungalow; The Cheetah Club, LLC d/b/a Scores; And Charles G. Westlund (collectively, "Defendants"), by and through their respective counsel, hereby jointly advise the Court that they have reached a settlement of the claims asserted in this action and move the Court to approve the parties' Settlement Agreement and Release. The parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between the parties with respect to liability and damages under the Fair Labor Standards

Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). In support of this Motion, the parties show unto the Court as follows:

**A.   PARTIES**

1. Defendant Charles G. Westlund, the principal shareholder in The Pony Bama, LLC; Rocket City Showgirls, LLC d/b/a The Pony Too; The Country Rock Cabaret, LLC d/b/a Uncle Buck's Boobie Bungalow; and The Cheetah Club, LLC d/b/a Scores, are defendants in this case under the FLSA.

2. At various times over the three years prior to the institution of this litigation, Plaintiffs Madison Lowry, Charlene Gdynia, Jashon Jones, Breonna Williams, Brittany Scharwarth, and Christina Meitzen worked as exotic dancers at the clubs that are the named corporate defendants.

**B.   PROCEEDINGS**

3. Plaintiffs claim that Defendants violated the FLSA, 29 U.S.C. § 206, *et seq.*, by failing to pay the exotic dancers the required minimum wage for each hour worked. The allegations are that exotic dancers at Defendants' clubs were misclassified as independent contractors, and are actually employees under the economic realities test, *Scotland v. Jeffrey Knight, Inc.*, 721 F. 3rd 1308, 1311 (11th Cir 2013) used to analyze whether an employee relationship exists. Plaintiffs also claim that Defendants illegally confiscated money from Plaintiffs pursuant to 29 U.S.C. § 203 (m), Doc 1.

4. This case was stayed pending arbitration between the parties, but on August 24, 2022, the case was reinstated in this Court, Doc. 22.

5. Plaintiffs filed a Motion for Partial Summary Judgment and Supporting Memorandum on January 2, 2023, Docs. 33, 34.

6. While that Motion was pending, and after having undertaken some discovery, the parties entered into settlement discussions. The negotiations were lengthy, and included numerous phone calls, emails, and discussions with clients. Those discussions resulted in the Settlement Agreement attached hereto as Ex. A.

## C.   THE ISSUES

7. The primary issue in the case as to liability is whether Defendants misclassified the exotic dancers as independent contractors as opposed to employees. If Plaintiffs are correct, and they were misclassified, they would be entitled to minimum wage of $7.25 per hour worked at Defendants' clubs. Additionally, Plaintiffs claim that Defendants unlawfully confiscated money they earned at the clubs under 29 U.S.C. § 203 (m).

8. Each of these claims is disputed by Defendants. However, even if the Plaintiffs were to prevail on liability issues, there is a serious disagreement as to damages. Defendants vehemently dispute Plaintiffs' claims as to the number of hours worked, even assuming they were not independent contractors. Moreover, Defendants dispute the amount of money Plaintiffs claim was wrongfully confiscated from them. There are incomplete records as to: (1) the number of shifts the dancers worked; (2) the amount of money they paid by the dancers in "tip outs", and (3) the number of private dances any dancers performed during their shift. These are the three primary components of damages, and would be highly contested items. Moreover, the records that do exist show fewer hours worked than Plaintiffs contend.

## D.   RISK / BENEFIT ASSESSMENT

9. In addition to the issues inherent in any liability determination, in this case, unlike many FLSA cases, damages are vigorously contested. As stated above, there are only skeletal records as to how many shifts each dancer worked and how long each shift was. There

are no record of how many dances were performed by each dancer. This is a key component of damages. Moreover, there are no records as to how much each dancer paid in tip-outs to the clubs, which is integral to the damages computation. While the law certainly allows a plaintiff to satisfy the burden of damages through recollection and oral testimony alone, a potential employer then has the right to rebut the testimony of the plaintiff. In this case, representatives of Defendants, and Mr. Westlund himself, were prepared to testify that the damages were far less than claimed by Plaintiffs. Moreover, there is a serious collectability issue on any large judgement.

10. With these issues squarely between the parties, they proceeded to arms-length settlement negotiations. Those negotiations resulted in the Settlement Agreement attached hereto. The amounts were negotiated between the parties, taking into account the lack of documentary evidence relating to Plaintiffs' claims and that income information from Plaintiffs would discount claimed damages.

11. Given all of these factors, the parties agreed upon a payment to Plaintiffs and Plaintiffs' counsel in the amount of $175,000.00 in the aggregate. Out of this amount, $50,000.00 will be paid in attorneys' fees, and $4,439.31 will be paid in expense reimbursement, leaving $120,560.69 to be distributed amongst the Plaintiffs by an agreed distribution. These amounts were arrived at of in arms-length negotiation taking into account the risk factors stated above.

12. The attorney's fee of $50,000.00, are 29% of the total settlement, which is below the generally accepted 33% benchmark for a FLSA case. *Cruz v. La Lomita Mexican Deli Corp.*, 2022 U.S. Dist. Lexis 216836 * 5 (S.D.N.Y. Dec. 1, 2022). Moreover, as of this writing, Plaintiffs' counsel's lodestar is $66,200.00. The agreed upon attorneys' fee is less than this number, and there is still work to be done in winding up the case.

### E. GOOD FAITH NEGOTIATIONS

13. Counsel for the parties represent to the Court that they are knowledgeable and experienced with respect to the rights, remedies, and defenses available under the FLSA, and regularly prosecute and defend claims asserted under the FLSA, and that the settlement is a fair and reasonable compromise of disputed claims.

14. Counsel for Plaintiffs represents to the Court that each Plaintiff fully understands his or her rights to compensation under the terms of the FLSA, the basis for the calculation of the sum being paid to him or her under the terms of the settlement, and have authorized counsel to seek Court approval of the settlement and the dismissal of this action with prejudice.

15. Counsel for Defendants represents to the Court that they have fully explained the terms and conditions of the settlement, the rights and remedies being resolved by the settlement, the obligations of Defendants assumed under the settlement, and the effect of Court approval of the settlement. Defendants have authorized counsel to seek Court approval of the settlement and the dismissal of this action with prejudice.

16. The parties represent to the Court that the settlement was reached in good faith, arm's length negotiations and is a fair and reasonable resolution of a *bona fide* dispute between them. *Lynn Food Stores v. U.S.,* 679 F.2d 1350 (11th Cir. 1982). Further, the parties represent that they wish the Court to approve their settlement as negotiated and to dismiss this action with prejudice, retaining jurisdiction, however, to enforce the terms of the settlement. Each party will bear its own costs and attorney's fees, except as otherwise set forth in the parties' settlement agreement.

WHEREFORE, the parties jointly request that the Court approve the settlements reached between the parties to this action.

Respectfully submitted this the 19th day of May, 2023.

/s/ Brian M. Clark
Brian M. Clark (CLA093)
WIGGINS CHILDS PANTAZIS FISHER &
GOLDFARB, LLC
301 19th St. No.
Birmingham, Alabama 35203
Tel: (205) 314-0500
Email:bclark@wigginschilds.com

*Attorneys for Plaintiffs*

/s/ Devon Lyon
Lyon Legal, P.C.
1154 E. Wardlow Road
Long Beach, CA 90807
Tel: (562) 216-7390
Email:  d.lyon@lyon-legal.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filings via the Court's electronic filing system on this the 19th day of May, 2023.

/s/ Brian M. Clark
Of Counsel